**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**GREGORY SCOTT SAVOY,**
**Plaintiff,**

**v.** **CIVIL ACTION NO. 3:18-CV-86 (GROH)**

**CRAIG M. BURNS, Tax Commissioner, Virginia Department of Taxation, PETER FRANCHOT, Maryland Comptroller, Office of the Comptroller, and DALE W. STEAGER, Tax Commissioner, West Virginia State Department of Taxation,**
**Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 29, 2018, the *pro se* Plaintiff, filed the above-styled a document titled "Ex Parte Emergency Application Instanter [sic] for a Stay of Proceedings to Enforce a Judgement [sic] pending the filing of a Motion to Grant Relief to be concurrent with An Application to Proceed in Forma Pauperis", which was docketed as a federal question action pursuant to 28 U.S.C. § 1331. ECF No. 1.[1] Attached thereto were a civil cover sheet [ECF No. 1-2] and a single page summary of proceedings before the United States Supreme Court and a 54-page "Petition for Extraordinary Writ of Mandamus and Equitable Relief for Victims and Survivors or the Schizophrenia Spectrum of Disorders in America" [ECF No. 1-1], which Petitioner filed in the Supreme Court. The undersigned liberally construes Plaintiff's application as a motion for injunctive relief.

The application asserts that Plaintiff intends to become a movant for relief in the future, but acknowledges that he has not yet filed a "Motion to Grant Relief". Rather,

[1] All ECF number cited herein are in 3:18-CV-86, unless otherwise noted.

Plaintiff acknowledges that he is a “potential movant” who “in the weeks ahead” should be granted additional time to file his claims. ECF No. 1 at 9. Plaintiff further asserts that he plans to proceed by filing a Motion to Grant Relief from a Judgment which either: (1) alleges that the States ignored state disability law in their attempts to collect taxes; or (2) "request[s] a first impression ruling on extraordinary matters". Id. at 10 - 11. Plaintiff claims that two harms might come to him: (1) Virginia might freeze his bank accounts; or (2) Maryland might do so. Id. at 13. Plaintiff claims that freezing his bank accounts might lead him to relapse after 30 years in remission from active schizophrenia. Id. at 15 - 16.

## II. STANDARD OF LAW

The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff “need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial.” A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

## III. ANALYSIS

Before addressing the merits of Plaintiff's motion, the undersigned must first determine whether this Court has jurisdiction. This Court lacks jurisdiction to address Petitioner's claims because he does not present an active case or controversy. There has been no adverse action taken against Petitioner. As he acknowledges, Virginia might freeze his bank accounts or file liens against him, or Maryland might do so. Neither State has done so yet. This court has no jurisdiction to intervene in a matter where there is no case or controversy.

The Constitution specifies that judicial power extends only to "Cases" and "Controversies," Art. III, § 2. "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006); Town of Chester, N.Y. v. Laroe Estates, Inc., 137 S. Ct. 1645, 1650 (2017). "No principle is more fundamental to

the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Raines v. Byrd, 521 U.S. 811, 818 (1997). There is no such controversy in this case.

In Spokeo, Inc. v. Robins, __ U.S. __, 136 S. Ct. 1540 (2016), the Supreme Court addressed the necessity of standing to demonstrate a case or controversy is present:

> Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood. The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong. In this way, "[t]he law of Article III standing ... serves to prevent the judicial process from being used to usurp the powers of the political branches," and confines the federal courts to a properly judicial role. Our cases have established that the "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element.

136 S. Ct. at 1547, as revised (May 24, 2016) (internal citations omitted). "Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation." Town of Chester, N.Y. v. Laroe Estates, Inc., 137 S. Ct. 1645, 1650 (2017) quoting Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 38 (1976). Plaintiff has not even alleged he has suffered an injury, rather, he suggests it is possible that he might suffer an injury at some future

time. Because plaintiff fails to present a case or controversy, it is improper for this Court to address his claims or the law. Accordingly, it is improper for this Court to address the merits of Plaintiff's motion[2] for injunctive relief, regardless of whether Plaintiff meets any of the four parts of the Winter test.

## VI. CONCLUSION

Because Plaintiff fails to present a case or controversy, the Court finds that it is without jurisdiction to consider the merits of Plaintiff's claims. Accordingly, it is **RECOMMENDED** that Plaintiff's "Ex Parte Emergency Application Instanter [sic] for a Stay of Proceedings to Enforce a Judgement [sic] pending the filing of a Motion to Grant Relief to be concurrent with An Application to Proceed in Forma Pauperis" [ECF No. 1] be **DENIED** and the action be **DISMISSED without prejudice**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140

[2] Plaintiff filed his motion for injunctive relief and request for permission to proceed in forma pauperis without contemporaneously filing a complaint.

(1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 1, 2018

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE